USCA1 Opinion

 

 December 21, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1315  ANTHONY NORMAN, Plaintiff, Appellant, v. ELAINE ELIAS, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Morris E. Lasker, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ ____________________ Anthony Norman on brief pro se. ______________ Scott Harshbarger, Attorney General, Robert Patten, Assistant __________________ _____________ Attorney General, Nancy Ankers White, Special Assistant Attorney ____________________ General, and Richard C. McFarland, Supervising Counsel, Department of _____________________ Correction, on brief for appellees. ____________________ ____________________ Per Curiam. Pro se appellant Anthony Norman ___________ appeals from the district court's Fed. R. Civ. P. 12(b)(6) dismissal of his civil rights suit against various state officials. We affirm. 1. Violation of Due Process ________________________ Norman alleged that defendants violated his federal due process rights by suspending his visitation privileges for over six months, without a hearing. Defendants suspended his privileges when he refused to provide a urine sample to be tested for drug use and was determined to have used or possessed marijuana at the Massachusetts Treatment Center in Bridgewater, where he is confined. Norman may assert a due process violation only if he has a liberty interest in remaining free from the restrictions imposed on him by state officials.  In its decision, the district court correctly explained why Norman had no liberty interest arising directly under the 14th Amendment due process clause or based on the federal consent decree in King v. Greenblatt. There is no ____ __________ need to repeat its analysis here.1 Under law controlling at the time it dismissed this case, the district court also correctly determined that Norman had no state-created liberty  ____________________ 1. On appeal, Norman argues that the consent decree in Williams v. Lesiak granted him a liberty interest in visiting ________ ______ privileges, but that decree does not even address itself to the question of visiting privileges at the Treatment Center.  interest. We need not decide whether Norman has a protected liberty interest under state law under the new methodology set forth in Sandin v. Conner, -- U.S. --, 115 S. Ct. 2293 ______ ______ (1995), because we affirm the court's decision on that question on other grounds.  Norman sought money damages for the alleged due process violation, declaratory relief, and an injunction ordering defendants not to enforce state regulations permitting the suspension of visiting privileges against him. But defendants are state officials, and Norman may not seek money damages against them in their official capacity. Will ____ v. Michigan Department of State Police, 491 U.S. 58, 71 _____________________________________ (1989). Nor may he obtain money damages against them in their individual capacities because they are protected by qualified immunity. At the time defendants suspended Norman's visiting privileges, Norman had no due process liberty interest in being free from such a restriction under then controlling law. Thus, defendants had no obligation to provide him with a hearing. Because defendants did not violate any clearly established constitutional right, they have qualified immunity. Febus-Rodriguez v. Betancourt- _______________ ___________ Lebron, 14 F.3d 87, 91 (1st Cir. 1994). ______ Norman's request for injunctive relief is moot. The record shows that his visiting privileges have been restored, and he does not assert that any new suspension is -3- imminent. Because Norman cannot obtain money damages or injunctive relief, his request for declaratory relief is moot, too. See Browning Debenture Holders' Committee v. DASA ___ _____________________________________ ____ Corp., 524 F.2d 811, 817 (2d Cir. 1975) ("When, as here, an _____ issue is rendered moot by plaintiff's failure to specify . . . operative relief, and the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed."). 2. Violation of Federal Consent Decrees ____________________________________ Norman claims that defendants violated consent decrees entered in two federal district court cases, Williams ________ v. Lesiak and King v. Greenblatt. We find his arguments to ______ ____ __________ be without merit.  DMH officials obviously acted in "concert" with DOC in promulgating the substance surveillance abuse policy with which Norman failed to comply. The policy itself shows that. Although DMH's reviewing authority apparently failed to sign the policy, the policy was nonetheless effective. Thus, defendants did not violate the provision cited by Norman in the decree entered in Williams. Furthermore, Norman has ________ waived, by failing to raise it below, his claim that the initial suspension of his visiting privileges by the Superintendent of the Treatment Center, a Department of Corrections employee, violated other provisions in the -4- Williams decree. United States v. Ocasio-Rivera, 991 F.2d 1, ________ _____________ _____________ 3 (1st Cir. 1993) (claims not raised in the district court are not preserved for appeal). In any event, the Administrator of the Treatment Center reviewed the suspension and essentially affirmed it, suggesting that the suspension of privileges took place in full compliance with the decree. Nor do we think that defendants violated the provision cited by Norman in the decree entered in the King ____ case. The letters communicating the Superintendent's initial decision to suspend Norman's privileges evinced no punitive intent, but only a legitimate interest in enforcing security at the Treatment Center.  3. State Claim ___________ Norman argues that the Superintendent's initial suspension of visiting privileges violated a state regulation authorizing the Administrator of the Treatment Center to deny visiting privileges. But the regulation also defines "Administrator" to include "his/her designee." 104 CMR  8.02(6). Since the Administrator reviewed and essentially affirmed the Superintendent's suspension of visiting privileges, we conclude that the Superintendent effectively acted as the Administrator's designee for purposes of initially determining whether Norman's misconduct warranted that suspension.  4. Remaining Claims ________________ -5- Norman's reply brief raises claims which were not raised below or in his initial brief. For that reason, they are deemed waived, and we do not consider them. Ocasio- _______ Rivera, supra; Playboy Enterprises v. Public Service Comm'n, ______ _____ ___________________ _____________________ 906 F.2d 25, 40 (1st Cir.), cert. denied, 498 U.S. 959 (1990) ____________ (claims not raised in an initial appellate brief are waived). Affirmed. _________ -6-